IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:09-cr-37-RS-GRJ

CHASSITY KITCHEN

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 39, the Government's Motion to Dismiss Defendant's motion to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Doc. 1). The Defendant failed to file a response to the motion to dismiss and therefore on February 20, 2013, the Court issued an Order to Show Cause, Doc. 40, directing the Defendant to show cause why the motion to dismiss should not be granted. Defendant was advised that if the motion to vacate is dismissed she will be barred from filing a second or successive § 2255 petition without first obtaining an order from the court of appeals authorizing the district court to consider it. The Court also advised the Defendant that failure to respond to the show cause order would result in the dismissal of her motion to vacate for failure to comply with a court order and for failure to prosecute. Defendant has not filed a response to the motion to dismiss nor has she responded to the Court's order to show cause. Accordingly, for the following reasons, the Government's motion to dismiss should be granted because the untimely petition fails to state a claim for § 2255 relief.

## Discussion

On December 9, 2009, Defendant pleaded guilty to one count of conspiracy to

distribute and possess methamphetamine and one count of possession of a firearm in furtherance of drug trafficking. (Docs. 23, 24, 25.) On February 17, 2010, she was sentenced to 30 months imprisonment and four years of supervised release for each count, with the firearm charge to run consecutive to the drug charge. (Doc. 31.) Judgment was entered February 25, 2010, and Defendant did not appeal. (*Id.*) On August 21, 2012, Defendant filed the instant motion to vacate, stating one ground for relief:

> Prior to this conviction I Chassity Kitchen, had no previously felony and therefore this charge of the firearm should be vacated. There was also no prior under the CSA Controlled Substance Act. There was no other felony or outstanding charges.

(Doc. 36, p. 4.)

First, Defendant's motion to vacate is untimely. A one-year limitations period applies to § 2255 motions, and runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The judgment of conviction in this case was entered on February 25, 2010. (Doc. 31.) Defendant did not appeal. For purposes of the limitations period, Defendant's conviction became final when the 14-day period for filing an appeal

elapsed on March 12, 2010. *See* Fed. R. App. P. 4(b)(1)(a), 26(a)(2) (2004). The limitations period expired one year later, on March 14, 2011. The instant motion to vacate was executed on August 15, 2012 and docketed in this Court on August 21, 2012, well beyond the one-year limitations period. In her motion to vacate, Defendant asserts that her motion to vacate is timely because *U.S. v. Simmons* was decided in August 2011 and she filed within one year of that decision. She provides no citation or explanation of the *Simmons* case, and neither the undersigned nor the Government has found a Supreme Court case meeting this description. There was a *U.S. v. Simmons* case decided in the Eleventh Circuit on September 30, 2011 affirming a denial of a motion to suppress in a possession of an unregistered firearm or destructive device prosecution, but this case would not affect the tolling period and is not helpful to Defendant's case. 441 Fed. Appx. 754 (11th Cir. 2011). Accordingly, Defendant's motion to vacate is due to be dismissed as untimely.

Even if the motion to vacate had been timely filed, it is due to be dismissed for the reasons set forth by the Government in its motion to dismiss. (Doc. 39.) Defendant's claim for relief is premised on her mistaken belief that she was charged with or convicted of being a felon in possession of a firearm. She was not charged with being a felon in possession of a firearm, but rather possession of a firearm during a drug trafficking offense. These are two distinct offenses. The firearm charge for which Defendant was convicted arose from the fact that she possessed a pistol and rifle, along with approximately 26 grams of a mixture and substance containing methamphetamine, at the time of her arrest. (Docs. 1, 24.) Defendant told law enforcement that she received the rifle as payment for methamphetamine. (Doc. 24.)

While the felon in possession charge would indeed require a prior predicate offense, the charge for which Defendant was convicted <u>does not</u> require a prior felony conviction. 18 U.S.C. § 924(c)(1)(A). The Presentence Investigation Report reflects that Defendant had zero criminal history points and no prior criminal convictions. Accordingly, Defendant's claim that she was "not a felon and therefore not guilty of being a felon in possession of a firearm" is meritless because is she is not being held pursuant to a conviction for being a felon in possession of a firearm. (Doc. 36, p. 4.)

Defendant's motion to vacate is untimely and fails to state a claim. Therefore, it is respectfully **RECOMMENDED** that the motion to dismiss (Doc. 39) be **GRANTED** and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DISMISSED**.

**IN CHAMBERS** this 27th day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**